UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
)
V. ) Crim. No. 15-cr-10271-WGY
)
ALEX LEVIN )

**DEFENDANT'S REVISED MOTION FOR RELEASE WITH CONDITIONS**

The defendant, Alex Levin, moves that this Court release him with conditions pursuant to 18 U.S.C. § 3142(c). The defendant moves this Court to permit him to reside with his parents without requiring either of them to serve as a third-party custodian. As grounds therefore, the defendant states that a third-party custodian is not necessary to ensure his appearance in court or to protect the public safety.

**Procedural Background**

The defendant was arrested on August 12, 2015 at his home in Norwood, Massachusetts. This Court held a detention hearing on August 17, 2015. The Court held the defendant pending completion of an investigation by Probation. The Court conducted a second detention hearing on August 21, 2015. The Court again detained the defendant but gave leave to counsel to return with an acceptable proposal for release.

On September 17, 2015, the grand jury returned an indictment charging the defendant with one count of possession of child pornography under 18 U.S.C. § 2252A(5)(B) and one count of criminal forfeiture under 18 U.S.C. § 2253. The defendant was arraigned on the indictment on October 7, 2015. At arraignment, the Court indicated that it would reconsider a motion for release subject to an updated report from Probation regarding the suitability of a proposed third party custodian. On November 2, 2015, the defendant filed a Motion for Release with Conditions (Dkt. 23). On that date, the defendant also filed a Motion for Reconsideration of Defendant's Motion to Review Detention, which requested that the Court direct Pretrial Services to investigate the defendant's release to his mother Bertha Levin as a proposed third-party custodian. (Dkt. 22).

Counsel for the defendant has reviewed the report prepared by Probation regarding the proposed third-party custodian. Counsel is aware that Probation has determined that the defendant's mother would not be suitable a third-party custodian.

**Proposed Conditions of Release**

The defendant respectfully moves that the Court release him subject to the following conditions:

1. The defendant must reside with his parents, Yefim Levin and Bertha Levin, at their apartment located at 244 Belmont street, #602, Worcester, Massachusetts.
2. The defendant shall be required to wear an electronic monitoring bracelet at all times.
3. The defendant shall have a curfew between the hours of 8:00 p.m. and 7:00 a.m.
4. The defendant shall not access the internet without prior court approval.
5. The defendant shall not have unsupervised contact with a child under the age of 18 with the exception of his daughter as long as said contact is not prohibited by the Massachusetts Department of Children and Families or by order of any court.[1]
6. The defendant shall surrender his passport to Probation.
7. The defendant shall report to Probation at the discretion of Probation.

**Background of the Defendant**

The defendant, Alex Levin, is a 49 year old citizen of the United States with no prior criminal record. He has a long history of gainful employment and strong ties to the community. He was born and raised in Belarus (then part of the Soviet

[1] The defendant has not identified the child by name in this pleading so as to safeguard her privacy. Her name will be provided to Probation.

Union) with his family. His father, Yefim, worked as a welder and his mother, Bertha, worked as a civil engineer. Alex and his family suffered a significant amount of anti-Semitism in the Soviet Union and emigrated in 1979 when he was 13 years old.

The family lived briefly in Italy before settling in Worcester, Massachusetts. Alex flourished in the United States. He graduated Doherty Memorial High School in Worcester in 1984. Four years later, he graduated from Central New England College of Technology with a bachelor's degree in computer science. He continued his education, obtaining a master's degree in computer science from Fitchburg State University in 1992.

Alex has worked in the technology field for over twenty-five years. He has served as a director of information technology, a system architect and a project manager. He founded his own technology consulting company, "AL Technology, LLC." In 2014, he attained a full-time position with an India-based consulting company. He held this position up to the time of his arrest.

Alex has a significant amount of support from his brother Gregory, his parents, and his girlfriend of three years, Linh. Most significantly, Alex is the devoted father of a nine-year old daughter. Alex and his daughter have remained extremely close following his divorce from her mother several years ago. Prior to his arrest, Alex had visitation with his daughter every

Wednesday and every other weekend, and they spoke on the telephone every day. The sudden and complete separation caused by Alex's arrest has been devastating to both of them.

**Argument**

To detain a defendant prior to trial, the government must demonstrate by a preponderance of the evidence that the defendant poses a risk of flight, or by clear and convincing evidence that he is a danger to the community. 18 U.S.C. § 3142; *United States v. Patriarca* 948 F.2d 789, 793 (1st Cir. 1991). The Court may impose conditions in lieu of detaining the defendant in order to ensure the defendant's appearance and protect the safety of other persons and the community. 18 U.S.C. § 3142(c). The defendant is charged with one count of simple possession of child pornography, pursuant to 18 U.S.C. § 2252A(a)(5), based on visual depictions he possessed on his home computer. This allegation does not invoke a presumption of detention. *Contrast* 18 U.S.C. § 3142(e)(3). Moreover, he is not subject to any mandatory minimum sentencing provision.

I. The defendant is not a flight right risk and does not pose a danger to the community.

There is no reason to believe that the defendant is a flight risk. He is a middle-aged man who has at all times in his life been a productive member of the community. It is no exaggeration to say that his entire world – his parents, his

long-term girlfriend, his beloved daughter – is in Massachusetts. His employment history, with the exception of three years he spent working for Compaq in Texas, is in Massachusetts. He has no desire to leave the Commonwealth, and remains anchored by his strong ties to his family.

The government similarly cannot show that the defendant poses a danger to the community. This is not to gainsay the seriousness of allegations involving child pornography, yet there is nothing in the defendant's personal history to suggest that he has ever posed a danger to a child in any way. He has no history of violence or sexual misconduct toward a person of any age. Moreover, as an added assurance to this Court, the defendant has proposed a condition that he have no unsupervised contact with any child under the age of 18, with the exception of his daughter as long as that contact is not otherwise prohibited. Respectfully, the defendant submits that the question of whether the defendant should continue to have contact with his daughter is one best delegated to the child's mother, child welfare officials and, if necessary, the Probate and Family Court.

II. A third-party custodian is not necessary to ensure the defendant's compliance with his conditions of release.

The defendant has been in custody since August 12, 2015. Prior to his arrest in this case, he had never served a day in a

jail or prison. Since his arrest, he has made multiple attempts to convince this Court of his suitability for release. Through prior counsel, he proposed the possibility of a third-party custodian in order to give the Court added assurance that he would comply with all conditions of release. At different times, his brother, a friend and his mother have all indicated a willingness to serve as a custodian.

The defendant respectfully suggests that a custodian is not necessary in this case. As set forth above, the defendant is simply not a flight risk and not a threat to public safety. To the extent that the Court is concerned about the defendant coming into contact with children, a retirement community is one of the few places where children would not be expected to live in close proximity. Instead, he would be a in a position to assist with the care of his elderly parents.

There is similarly no need here for the type of supervision typically expected of a third-party custodian. His parents are willing to password-protect their computer or even disconnect it if ordered by the Court. Probation would be able to monitor the defendant's compliance with his curfew via his electronic monitoring bracelet. The defendant would willingly report to Probation on whatever basis ordered by the Court.

The defendant does not need any supervision or added incentive to comply with any conditions this Court deems fit. He

has already spent several long months in detention so he is well aware of the consequences of a violation of his conditions. He has been separated from his young child. He has lost his employment and has been unable to support his child and ex-wife financially. The prospect of being reincarcerated is more than sufficient to ensure that he conform his behavior to the dictates of the law and this Court during the pendency of this case.

## Conclusion

The defendant is an appropriate candidate for release pursuant to 21 U.S.C. § 3142(c). It is clear that he is neither a flight risk nor a danger to the community. He is 49 years old with no prior history of criminal behavior, violence or sexual misconduct. He is tethered to the community by the unyielding support of his family and girlfriend. He is a dedicated father who wants nothing more than to begin to heal the trauma that his arrest has caused to his daughter. He is willing to reside with his parents and be subject to electronic monitoring and other appropriate conditions. For these reasons, the defendant respectfully moves that this Court release him subject to conditions.

## REQUEST FOR A HEARING

The defendant requests a hearing on this motion.

ALEX LEVIN
By His Attorneys,

CARNEY & ASSOCIATES

J. W. Carney, Jr.

J. W. Carney, Jr.
B.B.O. # 074760

Samir Zaganjori

Samir Zaganjori
B.B.O. #663917

Carney & Associates
20 Park Plaza, Suite 1405
Boston, MA 02116
617-933-0350 tel
617-338-5587 fax
jcarney@CARNEYdefense.com
szaganjori@CARNEYdefense.com

December 2, 2015

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on or before the above date.

J. W. Carney, Jr.

J. W. Carney, Jr.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

V.

ALEX LEVIN

Crim. No. 15-cr-10271-WGY

**AFFIDAVIT SUPPORTING**
**DEFENDANT'S REVISED MOTION FOR RELEASE WITH CONDITIONS**

I, J. W. Carney, Jr., state that the facts contained in the attached motion are true to the best of my information and belief.

Signed under the penalties of perjury.

J. W. Carney, Jr.
J. W. Carney, Jr.

December 2, 2015