UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                              )
UNITED STATES OF AMERICA      )
                              )
V.                            )     Crim. No. 15-cr-10271-WGY
                              )
ALEX LEVIN                    )
_____)
```

**DEFENDANT'S MOTION FOR DISTRICT COURT REVIEW REGARDING
DEFENDANT'S SECOND REVISED MOTION FOR RELEASE ON CONDITIONS**

The defendant, Alex Levin, moves pursuant to 18 U.S.C. §
3145(b) that this Court revoke the order of detention entered on
August 21, 2015 and release him on conditions pursuant to 18
U.S.C. § 3142(c). As grounds therefore, the defendant states
that the government cannot meet its burden of showing by a
preponderance of the evidence that the defendant is a flight
risk nor can the government show by clear and convincing
evidence that the defendant is a danger to the community.

**Procedural Background**

The defendant was arrested on August 12, 2015 at his home
in Norwood on a complaint for possession of child pornography. A
detention hearing was conducted on August 21, 2015 and the Court
ordered the defendant to be detained until an acceptable
proposal was presented regarding the defendant's proposed
residence upon release.

1

On September 17, 2015, the grand jury returned an indictment charging the defendant with one count of possession of child pornography under 18 U.S.C. § 2252A(5)(B) and one count of criminal forfeiture under 18 U.S.C. § 2253. The defendant was arraigned on the indictment on October 7, 2015. At arraignment, the Court indicated that it would reconsider a motion for release subject to an updated report from Probation regarding the suitability of a proposed third-party custodian. On November 2, 2015, the defendant filed a Motion for Release with Conditions (Dkt. 23). On that date, the defendant also filed a Motion for Probation to investigate the defendant's release to his mother, Bertha Levin, as a proposed third-party custodian. (Dkt. 22).

Probation opined that the defendant's mother would not be a suitable third-party custodian for him. On December 2, 2015, the defendant filed an Amended Motion for Release from Custody with Conditions (Dkt. 29), seeking that the defendant live with his parents, but not subject to a third-party custodian. The Court requested further information concerning the residence, but the defendant has decided not to pursue the option of living with his elderly parents.

On January 27, 2016, the defendant filed a Second Revised Motion for Release with Conditions (Dkt. 33), proposing two residences which would be appropriate. The first is the home of

the defendant's brother, Gregory, who lives in Stoughton. The second residence is a home in Brockton owned by a couple who know the defendant's brother well. On March 7, 2016, Magistrate Judge Marianne B. Bowler denied the motion without prejudice to renew pending the proposal of a living situation and third-party custodian which meet with the approval of Pretrial Services/Probation. (Dkt. 53).

### Proposed Conditions of Release

The defendant respectfully moves that the Court release him subject to the following conditions:

1.    The defendant must reside with his brother, Gregory Levin, Gregory's wife, and his adult daughter at their home in Stoughton;

2.    The defendant shall be required to wear an electronic monitoring bracelet at all times;

3.    The defendant shall have a curfew between the hours of 8:00 p.m. and 7:00 a.m.;

4.    The defendant shall not access the internet without prior court approval;

5.    The defendant shall not have unsupervised contact with a child under the age of 18 with the exception of his daughter

as long as said contact is not prohibited by the Massachusetts
Department of Children and Families or by order of any court;[1]

6.    The defendant shall surrender his passport to
Probation;

7.    The defendant shall report to Probation at the
discretion of Probation;

8.    The defendant shall not be required to have a third-
party custodian.

## Background of the Defendant

The defendant, Alex Levin, is a 49 year old citizen of the
United States with no prior criminal record. He has a long
history of gainful employment and strong ties to the community.
He was born and raised in Belarus (then part of the Soviet
Union) with his family. His father, Yefim, worked as a welder
and his mother, Bertha, worked as a civil engineer. Alex and his
family suffered a significant amount of anti-Semitism in the
Soviet Union and emigrated in 1979 when he was 13 years old.

The family lived briefly in Italy before settling in
Worcester, Massachusetts. Alex flourished in the United States.
He graduated from Doherty Memorial High School in Worcester in
1984. Four years later, he received a bachelor's degree in
computer science from Central New England College of Technology.

---

[1] The defendant has not identified the child by name in this
pleading so as to safeguard her privacy. Her name will be
provided to Probation.

He continued his education, obtaining a master's degree in computer science from Fitchburg State University in 1992.

Alex has worked in the technology field for over twenty-five years. He has served as a director of information technology, a system architect and a project manager. He founded his own technology consulting company, AL Technology, LLC. In 2014, he attained a full-time position with an India-based consulting company. He held this position up to the time of his arrest.

Alex has the support from his brother Gregory, his parents, and his girlfriend of three years, Linh. His parents live in Worcester, and Gregory lives in Stoughton with his wife and adult daughter. A second brother resides in Oregon. Most significantly, Alex is the devoted father of a ten-year old daughter. Alex and his daughter have a close and loving relationship, despite his divorce from her mother several years ago. Prior to his arrest, Alex had visitation with his daughter every Wednesday and every other weekend, and they spoke on the telephone every day. The sudden separation caused by Alex's arrest has been devastating to both of them. Alex recently missed his daughter's tenth birthday, causing a great deal of pain to both of them. Prolonged detention will only further damage their parent-child relationship.

**Argument**

To detain a defendant prior to trial, the government must demonstrate by a preponderance of the evidence that the defendant poses a risk of flight, or by clear and convincing evidence that he is a danger to the community. 18 U.S.C. § 3142; *United States v. Patriarca* 948 F.2d 789, 793 (1st Cir. 1991). The Court may impose conditions in lieu of detaining the defendant in order to ensure the defendant's appearance and protect the safety of other persons and the community. 18 U.S.C. § 3142(c). The District Court reviews the Magistrate Judge's detention order *de novo*. *United States v. Tortora*, 922 F.2d 880, 884 n.4 (1st Cir. 1990).

The defendant faces one count of simple possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5), based on visual depictions he allegedly possessed on his home computer. He is not subject to a mandatory minimum sentencing provision. Moreover, unlike most other offenses involving child pornography and sex offenses against children, there is no statutory presumption in favor of detention in cases of simple possession under § 2252A(a)(5).[2]

---

[2] The presumption applies to "offense[s] involving a minor victim under section 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425 of this title." 18 U.S.C. 3142(e)(3)(E).

I.   <u>The defendant is not a flight right risk and does not pose a danger to the community</u>.

There is no reason to believe that the defendant is a flight risk. He is a middle-aged man who has at all times in his life been a productive member of the community. It is no exaggeration to say that his entire world – his parents, his long-term girlfriend, his beloved daughter – is in Massachusetts. His employment history, with the exception of three years he spent working for Compaq in Texas, is in Massachusetts. He has no desire to leave the Commonwealth, and remains anchored by his strong ties to his family.

The defendant has no indicia of a risk of flight; he is a United States citizen, he has no history of using aliases, and he does not have significant ties overseas. He has no record of previous defaults or violations of probation because he has no criminal record. Moreover, the use of electronic monitoring would additionally guarantee the defendant's attendance at court. *See United States v. O'Brien*, 895 F.2d 810, 815-16 (1st Cir. 1990) (presumption for detention rebutted by effectiveness of electronic monitoring at deterring flight and defendant's willingness to offer surety).

The government similarly cannot show that the defendant poses a danger to the community. This is not to gainsay the seriousness of allegations involving child pornography, yet

there is nothing in the defendant's personal history to suggest
that he has ever posed a danger to a child in any way. He has no
history of violence or sexual misconduct toward a person of any
age. Moreover, as an added assurance to this Court, the
defendant has proposed conditions that would ensure the safety
of the community. The limitations that he not access the
internet without the prior approval of the Court, and that he
have no unsupervised contact with any child under the age of 18,
with the exception of his daughter as long as that contact is
not otherwise prohibited, would remove any doubt about the
safety of any member of the community. Respectfully, the
defendant submits that the question of whether the defendant
should continue to have contact with his daughter is one best
delegated to the child's mother, child welfare officials and, if
necessary, the Probate and Family Court.

## II.  Analysis of the § 3142(g) factors

The relevant factors in determining whether conditions of
release exist that would reasonably assure the appearance of the
defendant and the safety of the community include: (1) the
"nature and circumstances of the offense charged;" (2) the
"weight of the evidence against the person;" (3) the defendant's
history and characteristics; and "the nature and seriousness of
the danger to any person or the community that would be posed by
the person's release." 18 U.S.C. § 3142(g).

There are several significant factors that distinguish this defendant from the average federal child pornography defendant. First, in this case, it is alleged that he possessed seven videos and one still image of child pornography. Dkt. 1-2, p. 2. The United States Sentencing Commission has stated that "[t]ypical offenders maintain collections of still and video images numbering in the hundreds or thousands." United States Sentencing Commission, "Federal Child Pornography Offenses," *available at* http://www.ussc.gov/ sites/default/files/pdf/news/congressional-testimony-and-reports/sex-offense-topics/201212-federal-child-pornography-offenses/Full_Report_to_Congress.pdf. Further, nearly two-thirds of offenders had distributed child pornography to others. *Id.* Approximately one-third of offenders had engaged in at least one crime of criminal sexually dangerous behavior before their child pornography convictions. *Id.*

This defendant does not have any of those risk factors. He is not charged with distribution or production of child pornography. Nor is he is alleged to have been involved in any child pornography communities. Notably, he has no prior accusations of inappropriate behavior around children.

The next consideration is the weight of the evidence against the defendant. Here, the defendant made no admissions with regard to possessing child pornography. Indeed, he

expressed notable surprise when investigators informed him that they were searching for child pornography. The government's case against the defendant is not so strong as to foreclose his pretrial release.

The defendant's history and characteristics are important for the Court to consider under § 3142(g). The biography indicates that his "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings," all support his release with conditions. The defendant does not have any physical or mental impediments. He has strong family ties, and has lived in Massachusetts for most of his adolescent and adult life. He has no prior criminal history, and has never been treated for problems with alcohol or drugs.

Finally, the defendant does not pose a danger to anyone in the community nor does he present a flight risk. The proposed conditions of release ensure that he would not present a reasonable possibility of harm to any person in the community either directly or through his accessing child pornography. A third-party custodian is unnecessary to enforce these conditions. The defendant has been detained since his arrest over seven months ago. He has missed holidays, family birthdays

and the companionship of his loved ones. He has been separated
from his daughter. He knows that any violation of the court's
conditions would return him to custody. He has every incentive
to comply with his conditions of release and he will appear for
trial.

III. Cases where pretrial release allowed

Although no two cases are the same and pretrial release is
a fact-specific inquiry, an examination of other cases involving
similar charges suggests that the defendant's continued
detainment is unwarranted. Similarly situated defendants in this
District have been released prior to trial without the need for
a third-party custodian, even where the quantity of pornography
was greater than that alleged in this case. *See United States v.
Bissell*, 4:14-cr-40044-TSH, Order Setting Conditions of Release
(Dkt. 14)(search of defendants computer revealed hundreds of
videos and images containing child pornography, including
children under 12)[3]; *United States v. Richardson*, 1:12-cr-10209-
JLT, Order Setting Conditions of Release (Dkt. 8)(forensic
agents recovered "159 chats between Richardson and 81 other
users on Google Hello trading numerous images of child

---

[3] DOJ Press Release, *Worcester Man Pleads Guilty to Child
Pornography Charges*, Nov. 5, 2015, available at:
https://www.justice.gov/usao-ma/pr/worcester-man-pleads-guilty-
child-pornography-charges.

pornography . . .").[4] Conditional release has been permitted
where a defendant's previous employment involved contact with
children. S*ee* *United States v. Spring*, 1:14-cr-10303-RGS, Order
Setting Conditions of Release (Dkt. 7) (defendant was chairman
of department at local college and administrator of college's
residential summer camp for middle and high school aged
students)[5]. At least one defendant was released without a third
party custodian despite having a prior conviction for child
pornography. *See* *United States v. Trahan*, 1:15-cr-10346-GAO,
Order Setting Conditions of Release (Dkt. 10) (defendant stated
in interview subsequent to search of his computer that he had
accessed sites containing child pornography, and that he had
been previously convicted of possessing child pornography).[6]

     In addition to not being subject to a rebuttable
presumption against release, Mr. Levin cannot be said to pose
any more risk than the defendants who were released in the
aforementioned cases.

---

[4] DOJ Press Release, *Cape Cod Man Sentenced For Possession of Child Pornography*, Apr. 17, 2013, available at:
https://www.justice.gov/usao-ma/pr/cape-cod-man-sentenced-possession-child-pornography.
[5] DOJ Press Release, *Merrimack College Professor Arrested for Possession of Child Pornography*, Sep. 19, 2014, available at:
https://www.justice.gov/usao-ma/pr/merrimack-college-professor-arrested-possession-child-pornography.
[6] DOJ Press Release, *Seekonk Man Charged with Possession of Child Pornography*, Oct. 7, 2015, available at:
https://www.justice.gov/usao-ma/pr/seekonk-man-charged-possession-child-pornography.

## Conclusion

The defendant is neither a flight risk nor a threat to public safety. He lacks the intention and the means to flee. He poses no danger to any individual or to the public at large. He respectfully requests that this Court vacate the order of detention.

## Request for Hearing

The defendant further moves for a hearing before the Court on this motion.

ALEX LEVIN
By His Attorneys,

CARNEY & ASSOCIATES

*J. W. Carney, Jr.*
J. W. Carney, Jr.
B.B.O. # 074760

*Samir Zaganjori*
Samir Zaganjori
B.B.O. #663917

Carney & Associates
20 Park Plaza, Suite 1405
Boston, MA 02116
617-933-0350
jcarney@CARNEYdefense.com
szaganjori@CARNEYdefense.com

March 18, 2016

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on or before the above date.

*J. W. Carney, Jr.*

J. W. Carney, Jr.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                                    )
UNITED STATES OF AMERICA            )
                                    )
V.                                  )    Crim. No. 15-cr-10271-WGY
                                    )
ALEX LEVIN                          )
                                    )
```

**AFFIDAVIT SUPPORTING
DEFENDANT'S MOTION FOR DISTRICT COURT REVIEW REGARDING
DEFENDANT'S SECOND REVISED MOTION FOR RELEASE ON CONDITIONS**


I, J. W. Carney, Jr., state that the facts contained in the attached motion are true to the best of my information and belief.

Signed under the penalties of perjury.


*J. W. Carney, Jr.*
J. W. Carney, Jr.


March 18, 2016