UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                            )
UNITED STATES OF AMERICA    )
                            )
V.                          )        Crim. No. 15-cr-10271-WGY
                            )
ALEX LEVIN                  )
_____ )
```

**DEFENDANT'S THIRD REVISED MOTION FOR RELEASE WITH CONDITIONS**

The defendant, Alex Levin, moves that this Court release him with conditions pursuant to 18 U.S.C. § 3142(c). The defendant moves this Court to allow him to reside in a home located in Brockton owned by a friend of the defendant's brother, Gregory Levin ("Greg"). Greg is willing to move into the home with the defendant and serve as a third-party custodian. As grounds therefore, the defendant states the following:

**Procedural Background**

The defendant was arrested on August 12, 2015 at his home in Norwood on a complaint for possession of child pornography. A detention hearing was conducted on August 21, and the Court ordered the defendant to be detained until an acceptable proposal was presented regarding the defendant's proposed residence upon release.

On September 17, 2015, the grand jury returned an indictment charging the defendant with one count of possession

of child pornography under 18 U.S.C. § 2252A(5)(B) and one count
of criminal forfeiture under 18 U.S.C. § 2253. The defendant was
arraigned on the indictment on October 7, 2015. At arraignment,
the Court indicated that it would reconsider a motion for
release subject to an updated report from Probation regarding
the suitability of a proposed third party custodian. On November
2, 2015, the defendant filed a Motion for Release with
Conditions (Dkt. 23), and a motion for Probation to investigate
the defendant's release to his mother, Bertha Levin, as a
proposed third-party custodian. (Dkt. 22).

    Probation opined that the defendant's mother would not be a
suitable third-party custodian for him. On December 2, 2015, the
defendant filed an Amended Motion for Release from Custody with
Conditions (Dkt. 29), seeking that the defendant live with his
parents, but not subject to a third-party custodian. The Court
requested further information concerning the residence, but the
defendant has decided not to pursue the option of living with
his elderly parents.

    On January 27, 2016, the defendant filed a Second Revised
Motion for Release with Conditions (Dkt. 33), proposing two
residences. The first is the home of the defendant's brother,
Gregory, who lives in Stoughton. The second residence is a home
in Brockton owned by a couple who know the defendant's brother
well. On March 7, 2016, the motion was denied without prejudice

to renew pending the proposal of a living situation and third-party custodian which meet with the approval of Pretrial Services/Probation. (Dkt. 53).

On March 18, 2016, the defendant filed a motion for District Court Review Regarding Defendant's Second Revised Motion for Release with Conditions. (Dkt. 56). The defendant argued for release without the need for a third-party custodian in that pleading. On March 25, 2016, the Court (Young, J.) denied the defendant's motion.

## Proposed Conditions of Release

The defendant respectfully moves that the Court release him subject to the following conditions:

1.    The defendant's brother, Greg Levin, will serve as a third-party custodian and will reside in the home in Brockton with the defendant every day.[1]

2.    The defendant must reside with his brother at a home rented from Lev Shubov[2], located at 144 Moraine Street in Brockton;

---

[1] The defendant's brother will only be out of the house so that he can work at the retail store that he owns in North Dartmouth. He must be present for the store to operate. He would leave the home at 8:30 a.m. and return no later than 6:30 p.m.

[2] The Court rejected the defendant living with Mr. Shubov at his home in Brockton due to the fact that Mr. Shubov spent considerable time away from the home and was unfamiliar with the defendant. Under the current proposal, the defendant would be in the home rented from Mr. Shubov, but supervised by his brother

3.    The defendant shall be required to wear an electronic monitoring bracelet at all times;

4.    The defendant shall have a curfew between the hours of 8:00 p.m. and 7:00 a.m.;

5.    The defendant shall not access the internet without prior court approval;

6.    The defendant shall ensure that the Brockton home does not have an internet connection;

7.    The defendant shall not have unsupervised contact with a child under the age of 18 with the exception of his daughter as long as said contact is not prohibited by the Massachusetts Department of Children and Families or by order of any court;[3]

8.    The defendant shall surrender his passport to Probation;

9.    The defendant shall report to Probation at the discretion of Probation.

## Background of the Defendant

The defendant, Alex Levin, is a 49 year old citizen of the United States with no prior criminal record. He has a long history of gainful employment and strong ties to the community. He was born and raised in Belarus (then part of the Soviet

---

who is willing to move from his family in Stoughton to supervise the defendant.

[3] The defendant has not identified the child by name in this pleading so as to safeguard her privacy. Her name will be provided to Probation.

Union) with his family. His father, Yefim, worked as a welder and his mother, Bertha, worked as a civil engineer. Alex and his family suffered a significant amount of anti-Semitism in the Soviet Union and emigrated in 1979 when he was 13 years old.

The family lived briefly in Italy before settling in Worcester. Alex flourished in the United States. He graduated from Doherty Memorial High School in Worcester in 1984. He received a bachelor's degree in computer science from Central New England College of Technology four years later. He continued his education, obtaining a master's degree in computer science from Fitchburg State University in 1992.

Alex has worked in the technology field for over twenty-five years. He has served as a director of information technology, a system architect and a project manager. He founded his own technology consulting company, AL Technology, LLC. In 2014, he attained a full-time position with an India-based consulting company. He held this position up to the time of his arrest.

Alex has the support from his brother Gregory, his parents, and his girlfriend of three years, Linh. His parents live in Worcester, and Gregory lives in Stoughton with his wife and adult daughter. A second brother resides in Colorado. Most significantly, Alex is the devoted father of a nine-year old daughter. Alex and his daughter have a close and loving

relationship, despite his divorce from her mother several years ago. Alex had visitation with his daughter every Wednesday and every other weekend, and they spoke on the telephone every day, prior to his arrest. The sudden separation caused by Alex's arrest has been devastating to both of them.

### Argument

To detain a defendant prior to trial, the government must demonstrate by a preponderance of the evidence that the defendant poses a risk of flight, or by clear and convincing evidence that he is a danger to the community. 18 U.S.C. § 3142; *United States v. Patriarca*, 948 F.2d 789, 793 (1st Cir. 1991). The Court may impose conditions in lieu of detaining the defendant in order to ensure the defendant's appearance and protect the safety of other persons and the community. 18 U.S.C. § 3142(c). The District Court reviews the Magistrate Judge's detention order *de novo*. *United States v. Tortora*, 922 F.2d 880, 884 n.4 (1st Cir. 1990).

The defendant faces one count of simple possession of child pornography, pursuant to 18 U.S.C. § 2252A(a)(5), based on visual depictions he allegedly possessed on his home computer. This charge does not invoke a presumption of detention. *Contrast* 18 U.S.C. § 3142(e)(3). Moreover, he is not subject to a mandatory minimum sentencing provision.

I.    <u>The defendant is not a flight right risk and does not pose a danger to the community</u>.

There is no reason to believe that the defendant is a flight risk. He is a middle-aged man who has at all times in his life been a productive member of the community. It is no exaggeration to say that his entire world – his parents, his long-term girlfriend, his beloved daughter – is in Massachusetts. His employment history, with the exception of three years he spent working for Compaq in Texas, is in Massachusetts. He has no desire to leave the Commonwealth, and remains anchored by his strong ties to his family.

The defendant has no indicia of a risk of flight; he is a United States citizen, he has no history of using aliases, and he does not have significant ties overseas. He has no record of previous defaults or violations of probation because he has no criminal record. Moreover, the use of electronic monitoring would additionally guarantee the defendant's attendance at court. *See United States v. O'Brien*, 895 F.2d 810, 815-16 (1st Cir. 1990) (presumption for detention rebutted by effectiveness of electronic monitoring at deterring flight and defendant's willingness to offer surety).

The government similarly cannot show that the defendant poses a danger to the community. This is not to gainsay the seriousness of allegations involving child pornography, yet

there is nothing in the defendant's personal history to suggest that he has ever posed a danger to a child in any way. He has no history of violence or sexual misconduct toward a person of any age. Moreover, as an added assurance to this Court, the defendant has proposed conditions that would ensure the safety of the community. The limitations that he not access the internet without the prior approval of the Court, and that he have no unsupervised contact with any child under the age of 18, with the exception of his daughter as long as that contact is not otherwise prohibited, would remove any doubt about the safety of any member of the community. Respectfully, the defendant submits that the question of whether the defendant should continue to have contact with his daughter is one best delegated to the child's mother, child welfare officials and, if necessary, the Probate and Family Court.

II.   Analysis of the § 3142(g) factors

The relevant factors in determining whether conditions of release exist that would reasonably assure the appearance of the defendant and the safety of the community include: (1) the "nature and circumstances of the offense charged;" (2) the "weight of the evidence against the person;" (3) the defendant's history and characteristics; and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

There are several significant factors that distinguish this defendant from the average federal child pornography defendant. First, in this case, it is alleged that he possessed seven videos and one still image of child pornography. Dkt. 1-2, p. 2. The United States Sentencing Commission has stated that "[t]ypical offenders maintain collections of still and video images numbering in the hundreds or thousands." United States Sentencing Commission, "Federal Child Pornography Offenses," p. vii, *available at* http://www.ussc.gov/sites/default/files/ pdf/news/congressional-testimony-and-reports/sex-offense- topics/201212-federal-child-pornography-offenses/Full_Report_ to_Congress.pdf. Further, nearly two-thirds of offenders had distributed child pornography to others. *Id.* at viii. Approximately one-third of offenders had engaged in at least one crime of criminal sexually dangerous behavior before their child pornography convictions. *Id.* at 203.

This defendant does not have any of those risk factors. He is not charged with distribution or production of child pornography. Nor is he is alleged to have been involved in any child pornography communities. Importantly, he has no prior accusations of inappropriate behavior around children.

The next consideration is the weight of the evidence against the defendant. Here, the defendant made no admissions with regard to possessing child pornography. Indeed, he

expressed notable surprise when investigators informed him that they were searching for child pornography. The government's case against the defendant is not so strong as to foreclose his pretrial release.

The defendant's history and characteristics are important for the Court to consider under § 3142(g). The biography indicates that his "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings," all support his release with conditions. The defendant does not have any physical or mental impediments. He has strong family ties, and has lived in Massachusetts for most of his adolescent and adult life. He has no prior criminal history, and has never been treated for problems with alcohol or drugs.

Finally, the defendant does not pose a danger to anyone in the community. The defendant's proposed conditions of release ensure that he would not present a reasonable possibility of harm to any person in the community either directly or through his accessing child pornography.

III. <u>The defendant's brother is a suitable third-party custodian.</u>

Greg Levin is willing to serve as a third-party custodian on behalf of the defendant. Greg currently resides in Stoughton with his wife and adult daughter. He is the owner of a jewelry store located in North Dartmouth, Massachusetts. As set forth in the defendant's prior pleadings, Greg and his family have long been willing to have the defendant reside with them during the pendency of the case, a proposal that has been rejected by the Court. Greg is now willing to leave his own family and rent a home to live with his brother. This willingness to sacrifice for his brother demonstrates his level of commitment to serving as a third-party custodian. He is prepared to forgo an internet connection at the premises in order to alleviate the Court's concerns about the defendant accessing the internet. He would stay at the home every night, leaving only during the day to go to work, returning no later than 6:30 p.m.

While the defendant is aware that the Probation Department previously raised concerns about certain elements of the defendant's proposal, the defendant submits that this arrangement is appropriate. The defendant would be under the supervision of a dedicated third-party custodian. The only child in the proposed residence is one-year old child that, presumably, would never be in the defendant's presence without a

caretaker's supervision. The proposed residence is owned and occupied by Lev Shubov and his wife. Mr. and Mrs. Shubov are both aware of the defendant's pending charges and are nonetheless willing to allow him to reside at the home. This proposed living arrangement is adequate to protect the public safety.

## Conclusion

For the above reasons, Alex Levin moves that the Court order his release pending trial pursuant to the following conditions:

1.   The defendant's brother, Gregory Levin, will serve as a third-party custodian and will reside in the home in Brockton with the defendant every day;

2.   The defendant must reside with his brother, Gregory Levin, at a home rented from Lev Shubov, located at 144 Moraine Street in Brockton;

3.   The defendant shall be required to wear an electronic monitoring bracelet at all times;

4.   The defendant shall have a curfew between the hours of 8:00 p.m. and 7:00 a.m.;

5.   The defendant shall not access the internet without prior court approval;

6.   The defendant shall ensure that the Brockton home does not have an internet connection;

7.    The defendant shall not have unsupervised contact with a child under the age of 18 with the exception of his daughter as long as said contact is not prohibited by the Massachusetts Department of Children and Families or by order of any court;

8.    The defendant shall surrender his passport to Probation;

9.    The defendant shall report to Probation at the discretion of Probation.

The defendant further moves for a hearing before the Court on this motion.

ALEX LEVIN
By His Attorneys,

CARNEY & ASSOCIATES

*J. W. Carney, Jr.*
J. W. Carney, Jr.
B.B.O. # 074760

*Samir Zaganjori*
Samir Zaganjori
B.B.O. #663917

Carney & Associates
20 Park Plaza, Suite 1405
Boston, MA 02116
617-933-0350
jcarney@CARNEYdefense.com
szaganjori@CARNEYdefense.com

April 6, 2016

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on or before the above date.

*J. W. Carney, Jr.*

J. W. Carney, Jr.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | Crim. No. 15-cr-10271-WGY |
| | ) | |
| ALEX LEVIN | ) | |
| | ) | |

## **AFFIDAVIT SUPPORTING DEFENDANT'S THIRD REVISED MOTION FOR RELEASE WITH CONDITIONS**

I, J. W. Carney, Jr., state that the facts contained in the attached motion are true to the best of my information and belief.

Signed under the penalties of perjury.

*J. W. Carney, Jr.*
J. W. Carney, Jr.

April 6, 2016

15