**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

```
UNITED STATES OF AMERICA,    . CRIMINAL NO. 1:15-cr-10271-WGY-1
      Plaintiff              .
                             . BOSTON, MASSACHUSETTS
             v.              . APRIL 26, 2016
                             .
ALEX LEVIN,                  .
      Defendant              .
. . . . . . . . . . . . . . .
```

TRANSCRIPT OF DETENTION HEARING
BEFORE THE HONORABLE MARIANNE B. BOWLER
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Government:   UNITED STATES ATTORNEY'S OFFICE
                      BY: Jordi deLlano, AUSA
                      One Courthouse Way
                      Suite 9200
                      Boston, MA 02210
                      617-748-3155
                      jordi.de.llano@usdoj.gov

For the Defendant:    Nathaniel Delcort-Silver, Esq.
                      J.W. Carney, Jr. & Associates
                      20 Park Plaza
                      Suite 1405
                      Boston, MA  02116
                      617-933-0350
                      nsilver@carneydefense.com

Court Reporter:

Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

1  COURT CALLED INTO SESSION
2  (3:35:52 P.M.)
3          THE CLERK:  The United States District Court for
4  the District of Massachusetts is now in session.  The
5  Honorable Marianne B. Bowler presiding, today is Tuesday,
6  April 26, 2016.  The case of U.S. v. Levin, Criminal Action
7  15-10271, will now be heard.
8          Will counsel please identify themselves for the
9  record.
10         MR. deLLANO:  Good afternoon, Your Honor.  Jordi
11 deLlano on behalf of the United States.
12         THE COURT:  Thank you very much.
13         MR. DELCORT-SILVER:  Good afternoon, Your Honor.
14 Nate Silver on behalf of the defendant.
15         THE COURT:  Thank you.  All right.  We're here to
16 set conditions of release.  I assume the government wants to
17 be heard.
18         MR. deLLANO:  The government does want to be
19 heard.  Previously the defendant had submitted a -- I guess
20 it was the third motion for release with conditions in it.
21         THE COURT:  Docket Entry 66.
22         MR. deLLANO:  Docket Entry 66, correct, Your
23 Honor.
24         In that motion the defendant sets forth or
25 proposes a certain set of conditions, --

```
 1            THE COURT:  66.
 2            MR. deLLANO:  66.  I apologize.
 3            -- proposed conditions of release.  My
 4  understanding is that our office will assent to those
 5  conditions of release as proposed in that filing, Your
 6  Honor.
 7            THE COURT:  All right.
 8            MR. deLLANO:  Subject to Probation's clearance of
 9  the home, which my understanding --
10            THE COURT:  And we have a few additions that are
11  not listed there.
12            MR. deLLANO:  Okay.
13            THE COURT:  All right.  And to the amount of the
14  unsecured bail, what's your recommendation?
15            MR. deLLANO:  $10,000, Your Honor.
16            THE COURT:  All right.
17            All right, Mr. Levin.  If you'll please stand?
18            We're going to set bail in the amount of a $10,000
19  unsecured bond.  An unsecured bond means you do not have to
20  post any money today, but if you should default or fail to
21  appear for any court appearance that you're required to
22  attend, you could forfeit the whole amount of the bond.
23            I'm going to impose the following conditions.
24            You are going to reside with your brother Gregory
25  who's present in court today at their home.
```

1        You will be required to wear an electronic
2  monitoring bracelet, and you will be subject to a lockdown.
3  You will only be able to leave home for appointments with
4  your lawyer and 911 medical emergencies.  As time goes on
5  that may be modified, but at least in the outset those are
6  the strictures.  You should not access the Internet without
7  prior court approval.
8        Now, with regard to the residence, I note that you
9  are not to access the playground or pool areas of the
10 complex, nor are you to have any unsupervised contact with a
11 child under the age of 18 with the exception of your own
12 daughter.
13       You are to surrender your passport, and you are
14 not to apply for a new passport or any other travel
15 document.
16       You're to report to probation as directed.
17       You shall be subject to a third-party custodian,
18 and that is your brother Gregory who I believe is present in
19 court here today.
20       Would you please stand for a moment?
21       Do you understand that you have a duty to the
22 Court by assuming to be a third-party custodian that if you
23 are aware that the defendant has violated any condition of
24 release that I have said today, you have a duty to notify
25 the Court.

1          GREGORY LEVIN:  Yes, Your Honor.
2          THE COURT:  And do you accept this duty freely,
3 willingly and voluntarily?
4          GREGORY LEVIN:  Yes, Your Honor.
5          THE COURT:  All right.  You may be seated.
6          You will be also subject to random drug testing.
7 You are not to use any illegal drugs, and you are not to use
8 any alcohol excessively.
9          I remind you that violation of any of the forgoing
10 conditions of release that I've set today may result in the
11 immediate issuance of a warrant for your arrest, a
12 revocation of release, and an order of detention as provided
13 for in 18 United States Code Section 3142, and a prosecution
14 for contempt as provided for in 18 United States Code
15 Section 801.  This could be followed by a fine or a possible
16 term of imprisonment.
17          If you are arrested while you are on release, you
18 are to notify Pretrial Services within 24 hours.
19          Now, there are standard statutory conditions of
20 release that I have to advise you of.  While you are on
21 release you are prohibited from committing a federal, state
22 or local crime.  If you fail to appear before the Court as
23 required by the conditions of release, in other words, if
24 you're found guilty of bail jumping, you shall be subject to
25 a fine of up to $250,000 and/or five years in jail.  Any

1 term of imprisonment for the bail jumping would be a
2 consecutive sentence to the underlying sentence of
3 imprisonment in the indictment.
4     In addition, a failure to appear would result in
5 the forfeiture of the bond posted, that's the $10,000
6 unsecured bond.
7     And I remind you once again that if you violate
8 any condition of release that I have said today, I can
9 immediately issue a warrant for your arrest and can under
10 some circumstances revoke your bail and detain you and
11 commence prosecution for contempt which could result in a
12 possible term of imprisonment and/or a fine.
13     If you are convicted of an offense while you're on
14 release, you may receive a term of imprisonment of not less
15 than two years and not more than ten years if it is a
16 felony, and a term of not less than 90 days and not more
17 than one year if it is a misdemeanor.  This term of
18 imprisonment shall be consecutive and must be imposed in
19 addition to the sentence you received for the offense
20 itself.
21     Now there are four other statutes that I have to
22 tell you about.  These involve what's known as obstruction
23 of justice.
24     Under Section 1503 it is a federal felony
25 punishable by up to five years in jail and a $250,000 fine

1  to threaten or try to influence or intimidate any juror,
2  court officer or witness, or to in any way impede or
3  obstruct the administration of justice.
4        Under Section 1510 it is a federal felony
5  punishment by up to five years in jail and a $250,000 fine
6  to obstruct criminal investigations by endeavoring by means
7  of bribery to obstruct, delay or prevent the communication
8  of information relating to the violation of any federal
9  criminal statute by any person to a criminal investigator.
10       Under Section 1512 it is a federal felony
11 punishment by up to ten years in jail and a $250,000 fine to
12 tamper with a victim, a witness or an informant.
13       And finally, under Section 1513 it is a federal
14 felony punishment by up to ten years in jail and a $250,000
15 fine to retaliate against a victim, a witness or an
16 informant by causing bodily injury or property damage or
17 even threatening or attempting to do so.
18       If I find that there's probable cause to believe
19 that you have committed any one of these offenses, I could
20 issue a warrant for your arrest and after a hearing detain
21 you.
22       Do you understand everything I've said here today?
23       THE DEFENDANT:  I do.
24       THE COURT:  All right.  You go over the bail
25 papers with your client?

*Judy Bond*
**Certified Federal Court Transcriber**
**508.984.7003**

1    MR. DELCORT-SILVER: Your Honor, we were under the
2 understanding that there was going to be a curfew from 8
3 p.m. to 7 a.m. as laid out in the third motion for release.
4    THE COURT: Well, that was what you requested, but
5 after conferring with probation, at this time they are not
6 on board with that. So I would say at some point you may be
7 able to come back to the Court, but we're going to start
8 this way.
9    MR. DELCORT-SILVER: Thank you, Your Honor.
10    THE COURT: All right. Hearing nothing else, the
11 defendant is remanded to the custody of the United States
12 Marshalls to be released after processing.
13    And then he goes right to probation?
14    THE PROBATION OFFICER: Yes.
15    THE COURT: Okay, Denise.
16    MR. DELCORT-SILVER: Thank you, Your Honor.
17    THE COURT: All right. We stand in recess.
18    (Court adjourned at 3:43:59 p.m.)
19
20
21
22
23
24
25

*Judy Bond*
**Certified Federal Court Transcriber**
**508.984.7003**

```
                                                                    9
 1                         CERTIFICATION
 2      I, Judy Bond Gonsalves, a court approved transcriber,
 3   certify that the foregoing is a correct transcript from the
 4   official electronic sound recording of the proceedings in
 5   the above-entitled matter.
 6
 7
 8   _[signature]_____  May 4, 2016
     Judy Bond
 9
10
...
25
```

*Judy Bond*
**Certified Federal Court Transcriber**
**508.984.7003**