UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| V. | ) ) | Crim. No. 15-cr-10271-WGY |
| ALEX LEVIN | ) ) ) | |

## DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE REFERENCES TO NO LONGER EXISTING COMPUTER FILES

The defendant, Alex Levin, moves this Court to exclude from evidence any and all documents offered by the government that reference titles of files discovered on the defendant's computer, the contents of which no longer exist. As grounds, the defendant states that allowing references to the names of files that no longer exist on the laptop will invite the jury to speculate as to their contents.

The government provided the defendant with discovery that references files on the defendant's computer titled "Pedowoman" and "P3D0W0M3N." The screenshots depicting the file names indicate that they are "lnk" files which direct to other media files on the laptop. These screenshots are appended to this motion as Exhibit 1. The government separately supplied the defendant with a list of each of the files that were located on the computer and contained child pornography. The list does not include the files that are related to the "Pedowoman" and "P3D0W0M3N" lnk files. There is no indication that the government located these files on the defendant's laptop, and no indication as to what they actually contained.

1

An lnk file is essentially a shortcut to another file located somewhere on a computer.[1] Another way to think of an lnk file is as a "pointer." *United States v. Althage*, No. 4:10 CR 225 CDP, 2011 WL 13189794, at *3 (E.D. Mo. June 3, 2011). Lnk files indicate prior access to the other files associated with them. *Id.* In this case, the files that are associated with the lnk files appear to no longer exist on the laptop.

The titles of these files do not necessarily describe their contents. There is simply no way to determine based solely on the names of the files what they would actually depict. Admission of this evidence would do nothing more than invite the jury to speculate. Needless to say, the government must prove that any image, video, or file believed to contain child pornography does in fact depict such material. That the files have suggestive titles is insufficient to establish that they are in fact pornographic. If the government is unable to establish the contents of the files, it should not be permitted to introduce their names in order to suggest to the jury that they contained child pornography at one time.

WHEREFORE, the defendant moves that this motion be allowed and any references to these files be excluded from evidence.

                                  ALEX LEVIN
                                  By his attorneys,
                                  CARNEY & ASSOCIATES

                                */s/ J. W. Carney, Jr.*
                                J. W. Carney, Jr.
                                B.B.O. # 074760

---

[1] *See Opening an LNK File,* https://filext.com/file-extension/LNK, (last visited May 17, 2019).

*Daniel J. Gaudet*
Daniel J. Gaudet
B.B.O. # 688120

20 Park Plaza, Suite 1405
Boston, MA 02116
617-933-0350
JCarney@CARNEYdefense.com

May 17, 2019

3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>V. )<br>)<br>ALEX LEVIN )<br>) | Crim. No. 15-cr-10271-WGY |

**AFFIDAVIT SUPPORTING DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE REFERENCES TO NO LONGER EXISTING COMPUTER FILES**

    I, J. W. Carney, Jr., state that the facts contained in the attached motion are true to the best of my information and belief.

    Signed under the penalties of perjury.

*J. W. Carney, Jr.*
J. W. Carney, Jr.

May 17, 2019

4

<u>Certificate of Service</u>

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on or before the above date.

*Daniel J. Gaudet*
Daniel J. Gaudet