UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | Crim. No. 15-cr-10271-WGY |
| | ) | |
| ALEX LEVIN | ) | |

_____

## DEFENDANT'S MOTION FOR TEMPORARY RELEASE
## AND TRANSPORT ORDER

The defendant, Alex Levin, moves that this Court grant him temporary release from custody in order to briefly attend his mother's funeral, which is scheduled to take place on June 14, 2019. The defendant requests that he be released in order to pay his respects to his mother at the service, and then be immediately returned to custody. The defendant further moves that the Court order the United States Marshals to transport the defendant to the service. In the alternative, the defendant proposes that the Court allow the defendant's fiancé, Linh Pham, to act as a temporary custodian. As grounds, the defendant states the following:

Mr. Levin was convicted of a single count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)5)(B) following a jury trial on May 30, 2019. Because this offense carries a maximum term of imprisonment of ten years of more, Mr. Levin was subject to the mandatory detention provision of 18 U.S.C. § 3143(a). Mr. Levin is presently incarcerated at the Plymouth County Correctional Facility awaiting sentencing, which is scheduled for September 11, 2019.

1

Mr. Levin's 85 year old mother, Bertha Levin, passed away on the evening of June 11, 2019. Counsel was notified of her death this morning, June 12, 2019. Mrs. Levin is scheduled to be buried in accordance with Jewish tradition this Friday, June 14, 2019. The entirety of the services are scheduled to take place at Sharon Memorial Park, a cemetery located at 120 Canton Street, Sharon, MA 02067. The service is scheduled to begin at 9:45 A.M. The defendant now moves for temporary release from custody in order to attend the service.

18 U.S.C. § 3145(c) authorizes the District Court to release a defendant pending imposition of a sentence. The statute provides in relevant part:

> A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

The First Circuit addressed this issue in an unpublished decision: *United States v. Weiner*, No. 92-1708, 1992 WL 180697 (1st Cir. 1992). While the Court concluded that the defendant did not demonstrate exceptional circumstances for release, it determined that if exceptional circumstances were established, § 3145(c) authorizes release. *Id.* at *3. The other circuit courts that have addressed this issue have also held that § 3145(c) authorizes the District Court to order release, even in mandatory detention cases, so long as the defendant establishes exceptional circumstances. *See e.g.*, *United States v. Goforth*, 546 F.3d 712, 714-715 (4th Cir. 2008); *United States v. Lea*, 360 F.3d 401, 403 (2d Cir. 2004); *United States v. Garcia,* 340 F.3d 1013, 1014 n.1 (9th Cir. 2003); *United States v. Cook,* 42 Fed. Appx. 803, 804 (6th Cir.2002); *United States v. Mostrom,* 11 F.3d 93, 94

(8th Cir.1993) (per curiam); *United States v. Jones,* 979 F.2d 804, 805 (10th

Cir.1992) (per curiam); *United States v. Herrera–Soto,* 961 F.2d 645, 647 (7th

Cir.1992) (per curiam); *United States v. Carr,* 947 F.2d 1239, 1240 (5th Cir.1991) (per

curiam).

As the statute notes, the defendant must also meet the conditions of release set

forth in § 3143(a)(1) or (b)(1). § 3143(a)(1), which addresses release pending sentencing,

is applicable in this case. The statute sets forth that if the Court finds by clear and

convincing evidence that the defendant is not likely to flee or pose a danger to the

community or any other person, the defendant may be ordered released.

In *United States v. Kenney*, No. 07-66-B-W, 2009 WL 5217031 (D. Me. 2009),

Chief Judge Woodcock in the District of Maine granted the defendant's motion for

temporary release in a case with a similar circumstance to this one. There, the defendant

pled guilty to health care fraud and distribution of a controlled substance, methadone, and

was incarcerated pending sentencing at the time of her motion for release. *Id.* at *1. The

Court noted that the sentencing hearing would address whether the defendant's conduct

resulted in the death of another person, a characteristic that undoubtedly increased the

seriousness of the defendant's case. *Id.* Nevertheless, the Court granted the defendant's

motion for temporary release in order to attend her grandmother's funeral. *Id.* at *2-3.

The Court first found that the defendant satisfied the conditions of release in §

3143(a)(1) or (b)(1). *Id.* at *2. With the exception of one incident, the defendant complied

with all of her conditions of release while her case was pending. *Id.* When there was a

question as to a violation of her conditions, the defendant voluntarily accepted more

3

stringent conditions, which she adhered to at all times. *Id.* She also appeared before the Court in order to plead guilty while knowing that she was likely to be detained. *Id.* On this basis, the Court determined that she was not a flight risk and did not pose a danger to the safety of the community or any other person consistent with the § 3143(a)(1) criteria. *Id.*

Turning to the exceptional circumstances, the Court cited a number of factors that weighed in the defendant's favor including that the funeral was for her grandmother and not a more remote relative; the defendant requested two discrete periods of release to attend the wake and funeral for a handful of hours each; the defendant did not propose to remain out of jail overnight; the defendant's mother and brother offered to act as custodians during her release; it would not be necessary to cross state or national lines for the defendant to attend the services; the defendant's criminal history did not contain crimes involving violence or escape; and there was no indication that she had violated any prison rules or policies since being incarcerated. *Kenney*, 2009 WL 5217031 at *2. The Court also recognized that the defendant had violated the conditions of her release on one occasion, and that there were questions as to whether her criminal conduct resulted in the death of her brother. *Id.* at *3. The Court still found that the defendant established that there were exceptional circumstances consistent with the statute's requirements. *Id.*

Mr. Levin's circumstances similarly warrant temporary release. First considering § 3143(a)(1), there is no reason to believe that Mr. Levin poses a flight risk if released. Mr. Levin was arrested in August 2015 and held in custody until his release in April 2016. For the following three years, he was subject to conditions of release that he abided by at

4

all times. He was initially subject to a curfew and GPS monitoring. He had a spotless record of compliance with both conditions. The Court later lifted both conditions, and restricted Mr. Levin's travel to Massachusetts and the bordering New England states. Mr. Levin requested to permission to travel beyond these states on three occasions, which the Court allowed him to do. Mr. Levin returned to Massachusetts on each occasion promptly and consistent with the Court's orders.

Mr. Levin similarly does not present a danger to any person or the community if released. He has no history of violence whatsoever. While he was convicted of a serious offense, and one which could be considered a crime of violence, it was a noncontact offense. Mr. Levin would be released for a very brief period of time, and would be accompanied at all times. These facts suggest that he would present no risk to any person or the community if released for a brief period.

Mr. Levin presents many of the same characteristics that the Court in *Kenney* found sufficient to justify the defendant's release. The deceased is Mr. Levin's mother, as close a relative as he could have. Mr. Levin is requesting a very brief period of release; he is not requesting overnight release or multiple periods of release. Likewise, his fiancé would act as a custodian if the Court were to allow her to do so. In the alternative, if the Court were to order it, the U.S. Marshals could safely transport Mr. Levin to the cemetery to pay his respects. The services are due to take place in Sharon, Massachusetts, and would not require Mr. Levin to leave Massachusetts. Mr. Levin also has no history of criminal convictions, or acts of violence or escape. There is nothing in his history to suggest that he will not promptly and immediately return to custody after briefly visiting

5

with his mother.

WHEREFORE, the defendant moves that this motion be allowed and he be
ordered temporarily released in order to pay his respects to his recently deceased mother.

ALEX LEVIN
By his attorneys,
CARNEY & ASSOCIATES

*J. W. Carney, Jr.*

J. W. Carney, Jr.
B.B.O. # 074760

*Daniel J. Gaudet*

Daniel J. Gaudet
B.B.O. # 688120

20 Park Plaza, Suite 1405
Boston, MA 02116
617-933-0350
DGaudet@CARNEYdefense.com

June 12, 2019

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent
electronically to the registered participants as identified on the Notice of Electronic Filing
(NEF) and paper copies will be sent to those indicated as non-registered participants on
or before the above date.

*Daniel J. Gaudet*

Daniel J. Gaudet

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                )
UNITED STATES OF AMERICA        )
                                )
V.                              )        Crim. No. 15-cr-10271-WGY
                                )
ALEX LEVIN                      )
_____)

## AFFIDAVIT SUPPORTING DEFENDANT'S MOTION FOR TEMPORARY RELEASE AND TRANSPORT ORDER

I, Daniel J. Gaudet, state that the facts contained in the attached motion are true to the best of my information and belief.

Signed under the penalties of perjury.

*Daniel J. Gaudet*

Daniel J. Gaudet

June 12, 2019