```
                  UNITED STATES DISTRICT COURT

                    DISTRICT OF MASSACHUSETTS

                              No. 1:15-cr-10271-WGY


   UNITED STATES OF AMERICA


   vs.


   ALEX LEVIN


                          *********


                    For Hearing Before:
                    Judge William G. Young


                 Final Pretrial Conference


                    United States District Court
                    District of Massachusetts (Boston.)
                    One Courthouse Way
                    Boston, Massachusetts 02210
                    Tuesday, May 14, 2019


                          *******


             REPORTER: RICHARD H. ROMANOW, RPR
                    Official Court Reporter
                 United States District Court
         One Courthouse Way, Room 5510, Boston, MA 02210
                    bulldog@richromanow.com
```

```
 1                   A P P E A R A N C E S

 2


 3   ANNE PARUTI, ESQ.
        United States Attorney's Office
 4      One Courthouse Way, Suite 9200
        Boston, Massachusetts 02210
 5      (617) 748-3310
        E-mail: Anne.paruti.lohnes@usdoj.gov
 6      For the United States of America


 7


 8   J.W. CARNEY, JR., ESQ.
     DANIEL J. GAUDET, ESQ.
 9      J.W. Carney, Jr. & Associates
        20 Park Plaza, Suite 1405
10      Boston, Massachusetts 02116
        (617) 933-0350
11      Email: jcarney@carneydefense.com
        for the defendant
12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                  (Begins, 2:45 p.m.)
 2               THE CLERK:  Criminal Matter 15-10271, the
 3   United States of America versus Alex Levin.
 4               THE COURT:  Good afternoon.  Would counsel
 5   identify themselves.
 6               MS. PARUTI:  Good afternoon, your Honor, Anne
 7   Paruti for the government.
 8               MR. CARNEY:  J.W. Carney, Jr. representing
 9   Mr. Levin.
10               MR. GAUDET:  And Dan Gaudet also for Alex
11   Levin.
12               THE COURT:  Yes.
13               MR. CARNEY:  Your Honor, our client is present
14   in the court.  Would you prefer he sit at counsel table?
15               THE COURT:  He is welcome to sit at counsel
16   table with you, but I have no preference.
17               MR. CARNEY:  Okay.
18               THE COURT:  Now, um, this case is on for trial
19   to commence next Monday, the 20th.  Let's, um -- I mean
20   to go over those things which we ought address at this
21   juncture.
22          And, Ms. Paruti, you, I take it, supplied the
23   information that's required by Local Rule 116?
24               MS. PARUTI:  I did, your Honor.
25               THE COURT:  And, um, you have a witness list
```

```
 1    for the defense?
 2              MS. PARUTI:  I have provided the defense with
 3    the names of the witnesses that I expect to call.
 4              THE COURT:  All right.
 5         And, Mr. Carney, you have reciprocal obligations
 6    which must be discharged by tomorrow and I understand
 7    that you will do that.
 8              MR. CARNEY:  Yes, your Honor.
 9              THE COURT:  And if there are any stipulations
10    or motions in limine, they all should be filed by Friday
11    the 17th.
12         Let's talk about, um, because this case spans the
13    Memorial Day weekend, that presents an issue.  Maybe it
14    doesn't span the Memorial Day Weekend.
15         How long will it take to try this case?
16              MS. PARUTI:  The government actually, your
17    Honor, only anticipates calling two witnesses.  I've
18    spoken to counsel for -- I actually had spoken to
19    Mr. Gaudet because Mr. Carney has been on trial until
20    yesterday in a different courthouse about, um --
21              THE COURT:  That's a compliment to him as you
22    are well aware.  But all right.  Go ahead.
23              MS. PARUTI:  The -- and I'm well aware of the
24    case as well, which was mine before I transferred over
25    to the U.S. Attorney's Office.
```

1    There is only one set of circumstances where the
2    government would have an additional witness and, um,
3    that's something that I think we should probably talk
4    more thoroughly about before we get into it with your
5    Honor, because frankly I don't think we need your
6    intervention yet.  All that being said, I think that the
7    case can be tried well within the week, um, if the
8    government only needs to call those two witnesses.  I
9    would think, um, three days maximum, assuming half days.
10       I don't know obviously who the defense will be
11   calling, but with two witnesses and maybe somewhere in
12   the neighborhood of 50 documentary exhibits or so, I
13   think it will move pretty swiftly.
14            THE COURT:  Well I appreciate that and I'm not
15   going to hold you to it, but it's helpful.  Here's the
16   Court's schedule, so you know.
17            MS. PARUTI:  Sure.
18            THE COURT:  I'm not going to sit on Friday.
19   I'm not going to sit on Tuesday.  So the days we have --
20   Tuesday the 28th.  So we'll impanel on Monday, the 20th.
21   We'll sit the 21st.  We'll sit the 22nd.  And we'll sit
22   the 23rd.  No, strike that.  No, wait a minute, I'm
23   mistaken.  I'm mistaken, because I need to get a look at
24   --
25       We have three days, we have the 20th, the 21st,

```
 1   and the 22nd, then we pick up again on the 29th and we
 2   keep going.  So when we pick the jury, I will tell them
 3   they will have that recess.
 4        We'll pick 14 jurors.  The defense will have 11
 5   peremptories.  The government will have 7.  I imagine
 6   that even if it is a more extensive case, we will get it
 7   done that following week, the 29th, 30th, um, if it need
 8   go that long.
 9        You know my practice, you know how I -- well let
10   me go over it, Ms. Paruti, I don't know as you've tried
11   a case before me.
12        We'll bring the jurors in.  I will inquire of
13   them.  If I don't ask any questions you've asked me to
14   ask, you may assume that I'm not going to and your
15   rights are saved.  I have them raise their hands, then I
16   will bring them up one by one.  Counsel will come up.  I
17   will inquire of them further.  I will rule, I will
18   either excuse them or not.  If counsel differs with my
19   conclusion, once they have stepped away, I will briefly
20   hear you on the point, and I may reconsider, and that
21   way if I decide to keep them, they won't have left the
22   courtroom.
23        Once I have the panel indifferent, I will -- or
24   Ms. Gaudet will fill the box.  Then I will inquire of
25   them.  We will know their names, but I'll inquire of
```

```
 1   them where they work and what they do and where their
 2   spouse works and what he or she does, very briefly, so
 3   you can hear them speak and hear how they respond.
 4           Then we'll go to the sidebar.  The government will
 5   exercise its challenges.  The defense will exercise --
 6   without my filling the box, the defense will exercise
 7   its challenges.  When that's done, we will refill the
 8   box, I'll ask the same question to the newcomers.  The
 9   second round, the defense will go first, and so on until
10   we have a complete jury.  The last two jurors picked are
11   the alternates, but we will not tell them they are the
12   alternates until the end of the case.  I will pick the
13   foreperson.
14           We will try it from 9:00 till 1:00 each day and,
15   um, I will be very firm on starting right at 9:00 and
16   stopping right at 1:00.
17           Let's see.  I give a pretty substantive pretrial
18   charge which means I will charge the substance of the
19   offense, and I see the government has proposed jury
20   instructions, that's helpful.  I may not be as detailed
21   as I will be at the end of the case, but I will attempt
22   to give the jury a good idea of what it is that the
23   government must prove beyond a reasonable doubt.
24           In my actual conduct of a trial, I think I am not
25   terribly idiosyncratic.  I do not like speaking
```

1  objections.  I try to rule promptly on objections.  I --
2  and this is not an invitation, but I, more or less, will
3  let you come to the sidebar if you need to articulate
4  some grounds for taking issue with my ruling.
5         Let's see.  15 minutes for openings, half an hour
6  for closings.  The order of closings is mandated by the
7  federal rules and of course I follow it.
8         Any questions?  This is a good time for questions
9  about how the trial proceeds.
10        Ms. Paruti.
11             MS. PARUTI:  I have one question that is more
12 substantive in nature and that is with respect to
13 proving any sentencing enhancements.  I understand that
14 the Court --
15             THE COURT:  You're absolutely right.
16      There are sentencing enhancements here?
17             MS. PARUTI:  There are, your Honor.
18             THE COURT:  And spell them out for me very
19 quickly.
20             MS. PARUTI:  It's a child pornography offense,
21 so there would be enhancements related to the number of
22 images in the defendant's possession, the age of the
23 children depicted, whether or not any of the children
24 are toddlers or babies, and whether or not the offense
25 involved the use of a computer.  So I believe that those

1   are four enhancements that would be at play in this
2   particular case.
3               THE COURT:  And thank you very much for saying
4   that.
5       Mr. Carney, how do you want to handle that?  You
6   know the Court's practice.
7               MR. CARNEY:  I would prefer that the jury have
8   the substantive case and the Court bifurcate the
9   enhancement portion, which we are prepared to try jury-
10  waived before your Honor alone.
11              THE COURT:  Thank you.
12      So what I hear him say, so you understand the
13  procedure, um, is only the substantive case will go to
14  the jury.  If the verdict is not guilty, that ends it.
15  If the verdict is guilty, you'll have a chance to prove
16  each of these enhancements on evidence and the burden
17  will be beyond a reasonable doubt.  It is a jury-waived
18  trial.  At the end of that trial, I'll make my findings,
19  um, as to the enhancements.  Whatever I find, that will
20  be the framework for sentencing which will follow along.
21       I don't think I need to say any more.  We don't
22  have to duplicate what the jury has heard, but you need
23  not, and we're not going to, get into the details of
24  enhancements since Mr. Carney waives a jury as to those
25  enhancements and we'll try them to the court.

```
 1          Does that answer your question?
 2              MS. PARUTI:  It does.  Thank you.
 3              THE COURT:  All right.
 4        Any questions, Mr. Carney?
 5              MR. CARNEY:  No, thank you, your Honor.
 6              THE COURT:  Very well.  Monday morning, 9:00.
 7   Have a good weekend and I look forward to seeing you
 8   then.  We'll recess.
 9              (Ends, 3:00 p.m.)
10
11              C E R T I F I C A T E
12
13      I, RICHARD H. ROMANOW, OFFICIAL COURT REPORTER, do
14   hereby certify that the forgoing transcript of the
15   record is a true and accurate transcription of my
16   stenographic notes, before Judge William G. Young, on
17   Tuesday, May 14, 2019, to the best of my skill and
18   ability.
19
20
21
22   /s/ Richard H. Romanow 06-25-20
     _____
23   RICHARD H. ROMANOW   Date
24
25
```